JOHN SCHOOLING, ETC., *v.* JNO. W. NATTON.

**Partition—Setting Off Several Interests Together.**

Although an order of the court in a suit to partition land among heirs, directed the land to be divided into six equal parts, yet where five of the adult heirs desired their interests to be set off together, it was not error for the court and the commissioner to comply with their requests.

**Partition—Agreement of Parties.**

An agreement in partition of land will be upheld where the parties were competent to contract, and there is an absence of fraud and overreaching.

APPEAL FROM MARION CIRCUIT COURT.

February 21, 1873.

OPINION BY JUDGE PRYOR:

The proceedings in the county court for the partition of the land between Schooling's heirs is made part of the record, and in our opinion was a substantial compliance with the law upon that subject. Although the order of the county court required the land to be divided into six equal parts, yet as five of the heirs were adults and desired their several interests thrown together, it was not only right but proper that the court and commissioner should have complied with their wishes and so allot it. The infant was only

entitled to one-sixth of the tract. This interest was allotted her and she has now no right to complain because lines were not run through the balance of the tract, showing the interest of each of the other children. A deed was made by the commissioner to the five heirs jointly, for their interests in the land as divided, and even if this deed is enforced, the division is reported and confirmed and the rights of the parties defined, the infant would have to present the same state of case authorizing the present division to be disturbed that would have to appear if the land had been divided into six equal parts. There is no evidence of any unfair dealing on the part of the appellants, or either of them, towards the appellee. The capacity of the latter to make such a contract is not questioned, and although the relations between the parties were intimate and perhaps confiding, the mere fact of the land having been sold for an amount exceeding its value is not sufficient to authorize a cancelment of the writing evidencing the sale. Schooling's judgment was doubtless superior to that of Natton as to the value and quality of land, still Natton had every opportunity of knowing its value and the extent of the boundary, and with his judgment ought to have consulted others than those with whom he was contracting. The small clover field and timber land he offered in exchange for other parts of the tract he now has in possession, and his only ground of complaint is that he paid too much for it. This is his own misfortune and in the absence of any imposition or wrong practiced by the appellants he must abide by the result of his own action. The appellants paid to Mrs. Ray twenty-five dollars an acre for her interest in this land, she owning two-sixths, having purchased the interest of one of her brothers, and now asserts a deed vesting the appellee with the title upon his complying with the terms of sale.

The judgment of the court below is *reversed* and cause remanded with directions to enforce the contract and for further proceedings consistent with this opinion.

*Russell, Avitt, for appellants.*

*Harrison, for appellee.*